IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-HC-2112-FL

FILED
JUL 1 3 2011
DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

| | |
|---|---|
| MICHAEL RANKINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ALVIN KELLER and TONY RAND, ) | |
| ) | |
| Respondents. ) | |

The matter is before the court on respondents' motion for summary judgment (DE # 9). Also before the court is petitioner's motion to amend (DE # 14). The issues raised in these matters are ripe for adjudication. For the following reasons, the court grants respondent's motion and denies petitioner's motion.

## BACKGROUND

On September 4, 1997, in the Chowan County Superior Court, petitioner was convicted of armed robbery. See State v. Rankins, 133 N.C. App. 193, 520 S.E.2d 610 (1999). Petitioner was sentenced to a term of one hundred forty-six (146) to one hundred eighty-five (185) months imprisonment. Id. Petitioner filed a direct appeal to the North Carolina Court of Appeals, which issued an order finding no error on May 4, 1999. Id. The North Carolina Court of Appeals denied discretionary review on August 19, 1999. State v. Rankins, 350 N.C. 846, 539 S.E.2d 645 (1999).

On November 5, 1997, petitioner was convicted of an additional count of armed robbery in the Chowan County Superior Court. See State v. Rankins, 133 N.C. App. 607, 515 S.E.2d 748

(1999). Petitioner also appealed this conviction to the North Carolina Court of Appeals. Id. On June 15, 1999, the court of appeals remanded his case to the superior court for a new trial. Id.

On July 3, 2000, petitioner was convicted in the Chowan County Superior Court of felony escape committed on September 15, 1997. State v. Rankins, 149 N.C. App. 669, 562 S.E. 2d 605 (2002). On April 2, 2002, the court of appeals found no error in the felony escape conviction and sentence. Id. Petitioner has a current projected release date of April 4, 2012.

On June 7, 2010, petitioner filed this petition pursuant to 28 U.S.C. § 2254 and subsequent motion to amend. In his pleadings, petitioner alleges that he is being denied due process in connection with his parole proceedings. Petitioner also alleges that he is being denied access to courts. On November 5, 2010, the court granted petitioner's motion to amend and conducted an initial review of petitioner's action. The court dismissed his access to court's claims, but allowed him to proceed with his due process claim.

On November 12, 2010, respondents filed a motion for summary judgment, arguing that petitioner's due process claim is non-cognizable and without merit. Petitioner responded to respondents' motion, and filed a motion to amend, arguing that the North Carolina Structured Sentencing Act is unconstitutional and that he was not provided parole notice.

## DISCUSSION

A.   Motion to Amend

Pursuant to Federal Rule of Civil Procedure 15, a petitioner may amend a pleading before trial as a matter of course within twenty-one (21) days of service, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). "In

2

all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed.R.Civ.P 15(a)(2). Petitioner filed his motion to amend more than twenty-one (21) days after respondents filed their response to the petition. Thus, petitioner must have leave of court to amend his complaint.

"In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962). Because the court concludes, for the reasons set forth below in connection with its analysis of respondent's motion for summary judgment, that petitioner's amended claims have no merit, his motion to amend is DENIED.

B.  Motion for Summary Judgment

1.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

3

2. Analysis

Petitioner alleges that the North Carolina Parole Board has not given him the opportunity to present letters or statements on his behalf, that it is not neutral, and (in his proposed amended petition) that it has not provided him with parole notice. Generally, an inmate has no constitutional right to parole. Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979). Moreover, in this case, petitioner was sentenced under the Structured Sentencing Act,[1] which does not provide parole as an option. N.C. Gen. Stat. § 15A-1340.10, 1340.13(d). Instead, N.C. Gen. Stat. § 15A-1368.2(a) provides:

> A prisoner to whom this article applies shall be released from prison for post-release supervision on the date equivalent to his maximum imposed prison term less nine months, less any earned time awarded by the Department of Correction or the custodian of a local confinement facility under G.S. 15A-1340.13(d). If a prisoner has not been awarded any earned time, the prisoner shall be released for post-release supervision on the date equivalent to his maximum prisoner term less nine months.

Because the Structured Sentencing Act applies to petitioner's sentence and because the act does not allow for parole, petitioner is not entitled to release on parole. Thus, petitioner's § 2254 claim is not cognizable in federal habeas proceedings because success on his claim would not "necessarily spell immediate or speedier release." Wilkinson v. Dotson, 544 U.S. 74, 81 (2005); Gaskin v. Johnson, 443 F. Supp.2d 800, 803 (E.D. Va. 2006). And even if petitioner could challenge the procedures used in parole eligibility determinations, a § 2254 would not be the appropriate method. Instead, 42 U.S.C. § 1983 is the proper vehicle for challenges to state parole

---

[1] The Structured Sentencing Act applies to offenses committed prior to October 1, 1994. See N.C. Gen. Stat. § 15A-1340.10. Petitioner's offenses were committed on January 21, 1997 and November 3, 1997. Thus, the Structured Sentencing Act applies to petitioner's sentence.

4

ineligibility determinations when petitioner is not claiming a right to release. See Wilkinson, 544 U.S. at 82; Townes v. Jarvis, 577 F.3d 543, 551 (4th Cir. 2009); Irving v. Gurney, 175 F.3d 1014, 199 WL 153079 (4th Cir. Mar. 22, 1999).

Petitioner, in his proposed amended petition, also challenges the constitutionality of North Carolina's Structured Sentencing Act. Neither the United States Supreme Court nor the Fourth Circuit has held that North Carolina's Structured Sentencing Act is unconstitutional. Therefore, a decision on petitioner's claim would require the retroactive application of a rule that is not clearly established. The United States Supreme Court's ruling in Teague v. Lane, 489 U.S. 288, 316 (1989), bars the creation of new constitutional rules that must be applied retroactively in such circumstances. Thus, petitioner's proposed claim is without merit. Based upon the foregoing, respondents' motion for summary judgment is GRANTED.

C. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondents are entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the

5

Case 5:10-hc-02112-FL   Document 16   Filed 07/13/11   Page 5 of 6

issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, petitioner's motion to amend (DE # 14) is DENIED. Respondents' motion for summary judgment (DE # 9) is GRANTED. The Certificate of Appealability is DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the _11_ day of July, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge